UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OMNI CONTINUUM LLC, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * Civil Action No. 1:24-cv-11007-IT |
| NKT PHOTONICS INC. and | * |
| NKT PHOTONICS A/S, | * |
| | * |
| Defendants. | |

MEMORANDUM & ORDER

December 16, 2024

TALWANI, D.J.

Plaintiff Omni Continuum LLC ("Omni") has alleged that Defendants NKT Photonics Inc. and NKT Photonics A/S manufacture products that infringe on two patents that Omni owns. Am. Compl. ¶¶ 15–31 [Doc. No. 34]. Defendants have moved to dismiss Count 2 of Omni's Amended Complaint, which alleges infringement of U.S. Patent No. 7,519,253 B2 ("the '253 patent"). Mot. to Dismiss [Doc. No. 60]. Omni has opposed the motion. Opp'n to Mot. to Dismiss [Doc. No. 73]. Accepting Omni's claim construction for purposes of this motion only, Defendants' Motion to Dismiss Omni Continuum LLC's Amended Complaint [Doc. No. 60] is DENIED without prejudice to a motion for judgment on the pleadings, if appropriate, following claim construction.

I. **Procedural Background**

In February 2023, in a prior action, Omni sued NKT Photonics Inc. for infringement of the '253 patent and another patent. Compl., 1:23-cv-10359-IT [Doc. No. 1]. The court granted NKT Photonics Inc.'s motion to dismiss but also granted Omni leave to amend. In December 2023, Omni amended its complaint and removed allegations of infringement of the '253 patent.

Am. Compl. ¶ 12, 1:23-cv-10359 [Doc. No. 49]. In March 2024, the parties stipulated to dismissal with prejudice of the claims in the Amended Complaint and the court so ordered. Stipulation, 1:23-cv-10359 [Doc. No. 59]; Order of Dismissal, 1:23-cv-10359-IT [Doc. No. 60].

In April 2024, Omni filed this case against NKT Photonics Inc. and NKT Photonics A/S (collectively "NKTP") alleging infringement of the '253 patent and another patent.[1] Compl. for Patent Infringement [Doc. No. 1]. NKT Photonics Inc. moved to dismiss the '253 infringement claim. Mot. to Dismiss [Doc. No. 24]. Omni then amended its complaint. Am. Compl. [Doc. No. 34]. In response, NKT Photonics Inc. again moved to dismiss. Mot. to Dismiss [Doc. No. 40]. At a status conference in September, the court requested new briefing from the parties. NKT Photonics Inc., now joined by NKT Photonics A/S, filed their Motion to Dismiss [Doc. No. 60] with new briefing, which Omni opposed. Opp'n to Mot. to Dismiss [Doc. No. 73].

## II.     Factual Background as Alleged in the Amended Complaint

In its Amended Complaint for Patent Infringement [Doc. No. 34], Omni alleges the following facts, which the court accepts as true for the purposes of the pending motion:

Omni owns the '253 patent by assignment. Am. Compl. ¶¶ 16–17, 25–26. The '253 patent describes a supercontinuum laser for generating broadband light, which is different from other lasers which can only produce light in a narrow spectrum. Id. ¶ 27. NKTP "makes, sells, offers for sale, uses, and/or imports [the] Accused Lasers" that Omni alleges infringe on one or more claims of the '253 patent." Id. ¶ 28. Specifically, NKTP makes two products—the SuperK FIANIUM series and the SuperK EXTREME series lasers ("the Accused Lasers")—that Omni asserts infringe on Claim 1 of the '253 patent. Id. ¶ 29.

---

[1] The other patent is not relevant to the motion to dismiss.

Claim 1 requires that an infringing device include "one or more laser diodes capable of generating a pump signal comprising a wavelength shorter than 2.5 microns, a pulse width of at least 100 picoseconds and a pump optical spectral width." Am. Compl. Ex. B 35 [Doc. No. 34-2]. The Accused Lasers "have one or more laser diodes," which, "[i]n combination with the signals from prior stages of the system . . . generate a 'Pump signal' of about 1064 nm (1.064 microns), which is shorter than 2.5 microns." Id. ¶ 29(b).

Both the Accused Lasers include triggers that modify the pump signal's pulse width to produce a signal with a pulse width of at least 100 picoseconds. Through a "Booster ON/OFF" input that directs the Control System to activate or deactivate the laser diode(s), the SuperK FIANIUM series laser can "generat[e] a Pump signal of at least 100 picoseconds . . . ." Id. The SuperK EXTREME series laser includes a Modulation Input that "directs the Control system to control the pulse width of the Pump signal," which makes the device "capable of generating a Pump signal of at least 100 picoseconds." Id.

### III.  Standard of Review

In evaluating a motion to dismiss for failure to state a claim, the court assumes "the truth of all well-pleaded facts" and draws "all reasonable inferences in the plaintiff's favor." Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006). To survive dismissal, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . [f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 555 (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In a patent infringement case, a plaintiff "need not 'prove its case at the pleading stage'" or "plead infringement on an element-by-element basis." Bot M8 LLC v. Sony Corp. of America, 4 F.4th 1342, 1353 (Fed. Cir. 2021) (quoting Nalco Co. v. Chem-Mod, LLC, 883 F.3d 1337, 1350 (Fed. Cir. 2018). "[I]t is enough 'that a complaint place the alleged infringer on notice of what activity . . . is being accused of infringement.'" Id. (quoting Lifetime Indus., Inc. v. Trim-Lok, Inc., 869 F.3d 1372, 1379 (Fed. Cir. 2017)) (internal quotations omitted). However, "a plaintiff cannot assert a plausible claim for infringement under the Iqbal/Twombly standard by reciting the claim elements and merely concluding that the accused product has those elements." Bot M8 LLC v. Sony Corp. of America, 4 F.4th 1342, 1353 (Fed. Cir. 2021). Nor is it enough to assert "allegations that are 'merely consistent' with infringement." Id. at 1354. Instead, "there must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." Id. at 1353. The amount of detail a party must provide in a certain case depends on multiple "factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." Id.

A claim for literal infringement requires allegations that "every limitation set forth in a claim . . . be found in an accused product, exactly." Becton, Dickinson & Co. v. Tyco Healthcare Grp., LP, 616 F.3d 1249, 1253 (Fed. Cir. 2010) (quoting Southwall Techs., Inc. v. Cardinal IG Co., 54 F.3d 1570, 1575 (Fed.Cir.1995)). Consequently, "[d]ismissal under Rule 12(b)(6) is appropriate where the claim language expressly creates a limitation that is on its face at odds with the allegedly infringing technology or where there is no dispute as to the definition of a relevant term." Attabotics, Inc. v. URBX, Inc., 2022 WL 1989354, *3 (D. Mass. June 6, 2022).

4

"Adjudicating a claim of infringement generally requires a two-step analysis: '[T]he court first determines the scope and meaning of the claims asserted, and then the properly construed claims are compared to the allegedly infringing device (for an apparatus claim) or allegedly infringing act (for a method claim).'" UTTO Inc. v. Metrotech Corp., 119 F.4th 984, 993 (Fed. Cir. 2024) (quoting Niazi Licensing Corp. v. St. Jude Medical S.C., Inc., 30 F.4th 1339, 1350 (Fed. Cir. 2022)). Claim construction is a question of law that is determined by the court. Markman v. Westview Instruments, Inc., 517 U.S. 370, 384 (1996).

Claim construction is not categorically forbidden at the motion-to-dismiss stage. UTTO Inc., 119 F. at 992. A court may construe patent claims in ruling on a 12(b)(6) motion where the claims can be construed using only intrinsic evidence. Id. at 993. However, "case-specific circumstances can make it improper for a district court to resolve a claim construction dispute in the context of adjudicating a Rule 12(b)(6) motion." Id. at 994. If the non-movant proposes a construction of a claim term relevant to a motion to dismiss, the court must resolve the claim construction dispute or adopt the non-movant's construction at the motion-to-dismiss stage. See Sanderling Mgmt. Ltd. v. Snap Inc., 65 F.4th 698, 704 n.3 (Fed. Cir. 2023) (motion to dismiss on invalidity grounds).

### IV. Discussion

#### A. *The Court Declines to Consider Allegations in Omni's Superseded Complaint.*

NKTP asks the court to consider allegations in Omni's original Complaint for Patent Infringement [Doc. No. 1] in deciding the Motion to Dismiss [Doc. No. 60]. NKTP claims that Omni previously identified the "pump signal" as "master oscillator pulses" that the Accused Lasers generate and included a graphic establishing that the pulse width of this signal was only 5 picoseconds. Mem. in Supp. of Mot. ("Mem.") 14 [Doc. No. 61] (citing Compl. ¶ 28(b) [Doc. No. 1]). NKTP argues that the court may consider those allegations because Omni has not

5

explained why its Amended Complaint removed that identification and identified a different "pump signal." Id. at 18.

The court declines to consider allegations in Omni's original complaint. "An amended complaint, once filed, normally supersedes the antecedent complaint." ConnectU LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008); id. at 96 (holding that an amended complaint stating a different basis for jurisdiction to cure a fatal defect still superseded the original). After the amended complaint is filed, the original complaint "no longer performs any function in the case." Id. at 91 (quoting Kolling v. Am. Power Conversion Corp., 347 F.3d 11, 16 (1st Cir.2003)).

NKTP argues that the court is authorized to accept the facts alleged in Omni's original complaint as true because Omni changed its allegations to avoid a dispositive ruling. Mem. 14 [Doc. No. 61]. But most of the cases on which NKTP relies do not support NKTP's argument. In Coleman v. Clark, 322 F. Supp. 3d 1, 11 (D.D.C. 2018)), the court granted the motion to dismiss the operative complaint based on the facts alleged therein and then denied plaintiff's request to amend the complaint. Coleman, 322 F. Supp at 11. Two of the other cases that NKTP cites were decided in the same posture. See Adams v. Gissell, 2021 WL 8316261, at *5-6, 11 (D. Mass. Dec. 8, 2021) (recommending denial of motion to amend); Thomas v. Spaulding, 2021 WL 3516474, at *4 (D. Mass. Aug. 10, 2021) (denying motion to file third complaint for failure to state a claim and untimeliness). Here, Omni has already filed an amended complaint, and it did so as a matter of right. See Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course no later than . . . 21 days after service of a motion under Rule 12(b)"); Am. Compl. [Doc. No. 34]. Therefore, unlike the cases just discussed, Omni's original complaint has been superseded at the time that the motion to dismiss is being considered.

In <u>Wallace v. New York City Dep't of Corr.</u>, 1996 WL 586797, at * 2 (E.D.N.Y. Oct. 9, 1996), on which NKTP also relies, the court accepted facts from the original complaint because the amended complaint "directly contradict[ed]" an allegation in the original complaint; see also <u>Colliton v. Cravath, Swaine & Moore LLP</u>, 2008 WL 4386764, at *6 (S.D.N.Y. Sept. 24, 2008), <u>aff'd,</u> 356 F. App'x 535 (2d Cir. 2009) (declining to accept new facts alleged in plaintiff's amended complaint because he added them in attempt to avoid dismissal under professional ethics rules). Whether that rule should apply in the First Circuit is debatable. See <u>Krah v. Cnty. of Lincoln, Maine</u>, 2017 WL 1232409 (D. Me. Apr. 2, 2017) (declining to follow <u>Colliton</u> because "nothing in <u>ConnectU</u> . . . suggests that the First Circuit would adopt that exception"). In any event, even if the court were to consider this exception to the general rule, accepting the allegations in Omni's original complaint would be discretionary. <u>Colliton</u>, 2008 WL 4386764, at *6 (explaining that "[w]here a 'plaintiff blatantly changes his statement of the facts'" to "'directly contradict[] the facts set forth in his original complaint,' a court is <u>authorized</u> 'to accept the facts described in the original complaint as true.'" (quoting <u>Wallace</u>1996 WL 586797, at *2) (emphasis added). The court finds no reason to exercise any such discretion here.

    B. *The Court Accepts Omni's Construction of the Claim Terms for Purposes of the Motion to Dismiss.*

Claim 1 claims in part "one or more laser diodes capable of generating a pump signal comprising a wavelength shorter than 2.5 microns [and] a pulse width of at least 100 picoseconds[.]" Am. Compl. Ex. B 35 [Doc. No. 34-2]. NKTP argues that Omni fails to state a claim for infringement because Omni has not alleged that the Accused Lasers can generate a pump signal with a pulse width of at least 100 picoseconds. Mem. 15 [Doc. No. 61]. NKTP asserts that Omni has identified a pump signal with a wavelength of 1064 nanometers, but that

7

signal only has a bandwidth of 5 picoseconds, which means that Omni has failed to allege that the Accused Lasers produce a pump signal with a pulse width that is greater than 100 picoseconds. Mem. 19 [Doc. No. 61].

NKTP's argument rests, however, on its construction of the term "pump signal." NKTP suggests that the "pump signal" described in Claim 1 refers to a single pulse of light, and that signal must satisfy the 100-picosecond limitation. Mem. 14 [Doc. No. 61]. NKTP reasons that "[e]ach part of the claim refers back to the pump signal originally generated by the laser diode." Id. But Omni construes the term to encompass a combination of signals that originate in separate parts of a device. Omni alleges that the Accused Lasers produce a 1064-nanometer signal that combines with a signal from a component called the "Blue Laser Diode," and the combination of those signals satisfies the 100-picosecond requirement. Opp'n to Mot. to Dismiss 16–18 [Doc. No. 73]. In other words, Omni argues that the pump signal may be a combination of multiple signals produced in different parts of the Accused Lasers. Omni says that claim language requiring "one or more laser diodes capable of generating a pump signal" that meets the 100-picosecond limitation accommodates its construction. Id. at 13.

This is not a case where the "claim's meaning [is] so clear on the only point that is ultimately material to deciding the dismissal motion" that claim construction proceedings are unnecessary. UTTO, 119 F.4th at 994. In construing patent claims, courts "generally give words of a claim their ordinary meaning in the context of the claim and the whole patent document; [and] the specification particularly, but also the prosecution history, informs the determination of claim meaning in context, including by resolving ambiguities." Id. at 995 (alteration in original). The parties' briefing offers competing interpretations of the claim language. See Mem. 14 [Doc. No. 61]; Opp'n to Mot. to Dismiss 17 [Doc. No. 73]. But the parties have offered no meaningful

claim construction analysis that considers the ordinary meaning of the claim language in the context of the claims and the patent document as a whole, the specifications, the prosecution history, and any relevant extrinsic evidence. Further, at the hearing on this Motion, NKTP conceded that "pump signal" is not a term of art and instead was created for this patent. Because the term has no apparent unequivocal definition, the court cannot reject Omni's construction based on the claim's plain meaning as NKTP urges.

Consequently, the court accepts Omni's construction for purposes of the motion to dismiss. See Sanderling Mgmt. Ltd., 65 F.4th at 704 n.3. Based on that construction, the pleading states a claim for infringement.

## V.    Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss [Doc. No. 60] is DENIED without prejudice to a motion for judgment on the pleadings, if appropriate, following claim construction.

IT IS SO ORDERED.

December 16, 2024                         /s/ Indira Talwani
                                          United States District Judge